JACK STRADER TIRE COMPANY, Petitioner,

*v.*

MANUFACTURERS ACCEPTANCE CORPORATION, Respondent.

429 S.W.2d 428.

(*Knoxville*, September Term, 1967.)

Opinion filed June 21, 1968.

John K. King, Knoxville, for petitioner.

L. B. Bolt, Jr., Knoxville, for respondent.

Mr. Justice Creson delivered the opinion of the Court.

This case involves a review on writ of certiorari directed to the Court of Appeals, Eastern Section. That Court dismissed an appeal from a judgment entered by the Circuit Court of Knox County in an action of trover for conversion of four automobile tires. The petitioner, Jack Strader Tire Company, will hereinafter be referred to as Strader, and the respondent, Manufacturers Acceptance Corporation, as M.A.C.

Strader instituted suit against defendant M.A.C. for conversion of four automobile tires, in the General Sessions Court of Knox County, Tennessee. The action was dismissed and Strader appealed to the Circuit Court. Upon trial in the Circuit Court, it was found that there was a conversion of the tires and that the value of them at the time of conversion was $100.00. The judgment of the court was that:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Jack Strader Tire Company have and recover of Manufacturers Acceptance Corporation the sum of One Hundred Dollars ($100.00); *and since there was tender made, said judgment may be satisfied upon return of the tires to Jack Strader Tire Company.*" (Emphasis added.)

Strader perfected an appeal to the Court of Appeals, Eastern Section, on the ground that the alternative part of the judgment providing for satisfaction upon return of the tires was error. Strader sought to have the case reviewed on the technical record alone. The Court of Appeals sustained M.A.C.'s motion to dismiss the appeal for failure to file a bill of exceptions. Thereafter, a petition for certiorari was filed in this Court. That petition was granted and the case is now before us for decision.

The primary issue presented on this appeal is whether or not the Circuit Court erred in providing for the satisfaction of a judgment in an action for trover by return of the property converted. Preliminary to a decision on this issue, this Court must decide whether the case should be reviewed on the technical record alone.

■ The procedure governing appellate review in this State has long been that an assignment of error which

·depends on the technical record alone will be considered without a bill ·of exceptions. *Findlay v. Monroe* (1954) .196 Tenn. 690, 270 S.W.2d 325; *Dispeker v. New Southern Hotel Company* (1963) 213 Tenn. 378, 373 S.W.2d 904, and cases cited therein.

▪ ■ To review the assignment of error in the present case, the appellate court need only look to the pleadings and the judgment of the lower court, both of which are, of course, contained in the technical record. This Court, therefore, finds that the case is in the proper form for appellate review.

Strader sued in trover for conversion. It was thus entitled to a monetary judgment, if successful. The general rule in this regard is correctly stated in Caruthers History of a Lawsuit, sec. 134 (8th Ed. 1963), as follows:

> "It has been seen that where the wrong consists of unlawfully withholding the possession of personal property, the action of replevin or detinue may be brought by the injured party. In such a case the injured party may elect to pursue either of those forms, or he may sue in trover, in which action the plaintiff does not seek to recover the property at all, but only damages for the conversion of it. The value of the property withheld by the defendant *at the time of conversion* is the measure of damages in the action, as a general rule."

■■ The trial court rendered a money judgment, but provided in the alternative that M.A.C. could satisfy the judgment by return of the property converted. This had the effect of providing a replevin or detinue remedy for an action brought in trover. The concepts embraced in these two actions are entirely different. The action of

replevin and its detinue counterpart assert the title and right to possession of the plaintiff; while the action of trover recognizes the passage of title to that property passing to the party guilty of conversion, though illegal in character.

 It is true that the formality and technicality required by the common law forms of action have been relieved and simplified by statute, T.C.A. sec. 20-701 et seq.; but these statutes do not abolish the system or the substance of common law pleading. *Lackey v. Metropolitan Life Ins. Co.* (1943) 26 Tenn.App. 564, 174 S.W.2d 575. A successful action of trover for conversion has always required, and now requires, a monetary judgment as its remedy.

The judgment of the Court of Appeals is reversed. This case is remanded to the trial court for entry of judgment in conformity with this opinion. The costs on appeal are assessed against the Manufacturers Acceptance Corporation.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.