IN THE COURT OF APPEALS OF TENNESSEE

| | |
|---|---|
| IN THE MATTER OF: | ) C/A NO. 03A01-9704-CV-00135 |
| SARAH NICHOLE DOCKERY, | ) |
| d.o.b. 9-25-91, A Child | ) |
| Under Eighteen (18) | ) |
| Years of Age, | ) |

**FILED**

**August 28, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

RONNEL and RENATE HENSLEY,

       Petitioners-Appellants,

v.

STATE OF TENNESSEE,
DEPARTMENT OF CHILDREN'S
SERVICES,

       Respondent-Appellee.

) APPEAL AS OF RIGHT FROM THE
) ANDERSON COUNTY CIRCUIT COURT

) HONORABLE JAMES B. SCOTT, JR.,
) JUDGE

For Appellants

RONNEL AND RENATE HENSLEY, Pro Se

For Appellee

JOHN KNOX WALKUP
Attorney General & Reporter
Nashville, Tennessee

DOUGLAS EARL DIMOND
Assistant Attorney General
Nashville, Tennessee

O P I N I O N

AFFIRMED AND REMANDED                                Susano, J.

Ronnel Hensley and his wife, Renate Hensley, filed a petition in the Anderson County Juvenile Court seeking custody of their granddaughter, Sarah Nichole Dockery, who was then in the temporary legal custody of the State of Tennessee, Department of Children Services (Department). By order entered June 19, 1996, the Juvenile Court dismissed their petition, and they appealed to the Anderson County Circuit Court. That appeal was likewise dismissed, whereupon the Hensleys sought further review in this court. We affirm.

In its January 30, 1997, order dismissing their appeal, the Circuit Court stated the following:

> . . . the Court finds that the child, Sarah Nichole Dockery, is now in the full and complete guardianship of the State of Tennessee, Department of Children's Services, as defined by T.C.A. 36-1-102(23)(B) and (C), as the result of the mother's surrender of parental rights and the involuntary termination of the parental rights of both the mother's husband and the alleged biological father; that the duly entered guardianship orders were not appealed and have become final; that such orders supersede all prior orders of custody of any Court, including the order from which Ronnel and Renate Hensley currently appeal [T.C.A. 36-1-113(m)]; that their appeal has been rendered moot by the subsequent guardianship orders and this Court is without jurisdiction to make any further determinations; . . .

While the appellants have raised many issues in their present appeal to us, *see* Appendix, the only pertinent issue before us is whether the award of guardianship to the Department renders moot the Hensleys' petition seeking custody. Even if we were inclined to address any of the Hensleys' factually-driven issues, which we

2

are not, we would be precluded from doing so because they failed to furnish us with a transcript or statement of the evidence of the proceedings in the Circuit Court. This brings into play the well established rule that we presume that a lower court's decisions are correct in the absence of a transcript reflecting to the contrary. *Findley v. Monroe*, 270 S.W.2d 325, 327 (Tenn. 1954); *Dispeker v. New Southern Hotel Company*, 373 S.W.2d 904, 908 (Tenn. 1963).

Moving to the sole issue before us, we note that T.C.A. § 36-1-113(m) provides, in pertinent part, as follows:

> An order of guardianship or partial
> guardianship entered by the court pursuant to
> this section shall supersede prior orders of
> custody or guardianship of that court and of
> other courts,
> . . .

The Circuit Court's order of January 30, 1997, from which this appeal was taken, clearly recites that "Sarah Nichole Dockery is now in the full and complete guardianship of the [Department]" by virtue of "duly entered guardianship orders [that] were not appealed and have become final." Under T.C.A. § 36-1-113(m), the entry of the orders awarding permanent guardianship to the Department "supersed[ed]" the June 19, 1996, order of the Juvenile Court touching on the subject of the child's custody. This means that the Circuit Court was being asked by the Hensleys to address and correct a superseded order; but there was nothing left to be addressed and/or corrected. We find that the trial court was correct in its determination that the issue raised by the Hensleys was rendered moot when the Department was awarded

3

the guardianship of their granddaughter.

The judgment of the trial court is affirmed with costs on appeal being taxed to the appellants and their surety. This matter is remanded to the trial court for the collection of costs assessed there, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Don T. McMurray, J.

4

APPENDIX

Issues Presented for Review by
Ronnel and Renate Hensley

1. Whether the Court of Appeals will find that Sarah Nichole Dockery and Ronnel and Renate Hensley deserve the ethical and moral right to be together since their bond was as parents and child since the age of 3 (three) months and not as maternal grandparents and granddaughter.

2. Whether the Department of Human Services has wrongfully kept Sarah Nichole Dockery away from her Grandparents by bringing up an issue from 1983 that never carried any charges with it and the custody issue never allowed the issue to be discussed in the courtroom.

3. Whether the Department of Human Services violated the due process rights of the Grandparents when said child, Sarah Nichole Dockery was released by the maternal mother, Marion Marie Qualls, to the State of Tennessee without due notice to the Grandparents who had the child since the age of 3 (three) months, considered as the legal guardians of the child since abandonment by the maternal mother along with her two half-brothers.

4. Whether the Circuit Court only has part of the information available because there was never any testimony from the witnesses of Ronnel and Renate Hensley to give view to the other side.

5. Whether the Court of Appeals of Tennessee will find that Ronnel and Renate Hensley (Grandparents) deserve another trial for the mere purpose of further fact-finding information not heard in the Circuit Court of Anderson County. The Hensleys would prefer a trial with jury so that a group of unbiased people may help make a decision on an important complicated case which does and will affect several lives.

6. Whether the hearing in the Circuit Court of Anderson County was a fair and just hearing due to the negligence of their attorney at the time who did not bother to discuss the plan of action with his clients, made no arrangements for a court reporter or prepared to question their witnesses at the hearing.

7. Whether or not the Department of Human Services has actually proven the real biological father (there were 2 default papers signed) of Sarah Nichole Dockery in order for the real biological father to give up the real paternal rights to said child to the State of Tennessee.