Findlay *v.* Monroe.

(*Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

HENRY C. FOUTCH, Assistant Attorney General, for plaintiff in error.

SIDNEY DAVIS, of Clinton, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

. The subject of this suit is a Cadillac automobile seized as contraband property by a conservation officer of our Game and Fish Division on the ground that there was being transported in that automobile a deer which had been illegally killed, Chapter 115, Public Acts of 1951, Sections 42 and 45, respectively, Williams' Code Supplement at Sections 5178.71 and 5178.74. Mrs. Monroe, defendant-in-error, is the wife of Verlie Monroe who was driving this automobile at that time. He was subsequently convicted for the illegal possession and transportation of this deer. *Monroe* v. *State,* 194 Tenn. 519, 253 S. W. (2d) 734. Mrs. Monroe was the owner of this automobile.

The object of Mrs. Monroe's suit is to procure the restoration to her of this automobile. She first presented Findlay, Director of the State Game and Fish Division, a timely petition for its return.

After a hearing, the director denied the petition. Then, Mrs. Monroe filed in the Circuit Court of Anderson

County a petition for the common law writ of certiorari for which Section 45 of this 1951 statute provides. Williams' Code Supplement 5178.74. After Findlay, director, made his return to the writ by filing in the Circuit Court a transcript of the proceedings had before him, the director, the Circuit Judge rejected every insistence of Mrs. Monroe with the exception of the one hereinafter discussed, and by reason of which one he sustained her petition and directed the return of the automobile to Mrs. Monroe. The director has appealed.

There is a motion to dismiss the director's appeal on the ground that he did not comply with the Court's requirement for an appeal bond and bill of exceptions.

■ This is an appeal, in effect, by the State through one of its officials as to a matter in which the State is exercising a governmental function. In that situation no appeal bond may legally be required of the State. *State Highway Department* v. *Mitchell's Heirs,* 142 Tenn. 58, 69, 216 S. W. 336.

■ By Section 8820 of the Code Supplement a motion for a new trial becomes a part of the record without the necessity of being included in a bill of exceptions. Such motion is in this record.

■ The findings of fact were embodied in an opinion signed by the Judge and filed in the cause. It thereby became a part of the record without being incorporated in a bill of exceptions. *Nashville, C. & St. L. Ry. Co.* v. *Smith,* 147 Tenn. 453, 455, 249 S. W. 377.

■ Where there is no bill of exceptions it will be presumed on appeal that the evidence supports the facts as found by the Trial Judge in his signed and filed opinion. *Dodd & Son* v. *Nashville, C. & St. L. Railroad Co.,* 120 Tenn. 440, 445, 110 S. W. 588. This, of course, does not

mean that the conclusions of law which a Trial Court reaches from that finding of fact must be assumed to be correct.

■ Since the technical record, including these findings of fact, is sufficient to decide the determinative question made by this appeal, the motion to dismiss will be disallowed.

However, this disposition of appellee's motion is not to be construed as a holding that the certified proceedings before the Director filed in the Circuit Court as a part of his return to the writ for certiorari may not be considered a part of the record unless incorporated in a bill of exceptions. That question is pretermitted, because unnecessary to a decision of this case, with the aside observation that in this case, involving the common law writ of certiorari, the holding as to bill of exceptions in *Hoover Motor Express Company* v. *Clements Paper Company*, 193 Tenn. 6, 241 S. W. (2d) 851, involving the statutory writ of certiorari, is not necessarily applicable.

■ The authority of the director by virtue of the 1951 Act to confiscate this automobile, if he follows the requirements of that statute, is conceded by the appellee. The Trial Court found that the director did not comply with the requirements of the statute in fixing the date for the hearing of Mrs. Monroe's petition. It is the legal accuracy of this holding that the State questions.

Consideration of the question should be had in the light of the particular facts surrounding the fixing of the date for the hearing of Mrs. Monroe's petition. In this connection, it is a material fact that at the time Mrs. Monroe's petition was filed, her husband had impending a decision on his motion for a new trial in the case in

which he had been convicted of illegally possessing, etc., the deer which he was transporting in his wife's car.

Section 45 of the 1951 Act, Williams' Code Supplement 5178.74 provides that on some day not more than ten days after a petition for the return of the property has been filed "the director shall set a time and place for hearing" the petition. Within that ten days the director put down an order, and so notified Mrs. Monroe, that the hearing on her petition would be had in the courthouse at Clinton "on the 7th day after the Criminal Court ruled on the motion for a new trial filed by petitioner's husband, Verlie Monroe, in the case of *State* v. *Monroe*, Criminal Court, Anderson County, Tennessee".

The Trial Judge, after noting that forfeitures are not favored and that statutes so authorizing must be strictly construed and strictly followed, then said this:

"It is believed it was contemplated by the legislature that the time set should be a time certain, not an indefinite, contingent date that might never arrive; that the defendant failed to follow the provisions of the statute in regard to setting a time, definite and certain, for petitioner to appear for a reasonable speedy hearing and adjudication of her claim to her property; that the petition should be sustained and the automobile returned to her."

If Mr. Monroe had not violated the 1951 Act, then Mrs. Monroe was entitled to a return of her car. In these circumstances, it does not seem to have been unreasonable for the director, apparently for the benefit of Mrs. Monroe, to fix a date for the hearing reasonably subsequent to the impending disposition of Monroe's motion for a new trial in the case involving the merits of Mrs. Monroe's petition. Certainly it was not unreasonable, in the

absence of an objection by Mrs. Monroe. So it becomes material to ascertain her conduct upon being notified of the date so fixed by the director.

■ In the findings of the Trial Court there is this statement:

"That petitioner at no time made any objection to the Director as to the date of the hearing is clearly disclosed by the transcript of the proceedings of that hearing."

When the hearing was had on February 14, 1952 Mrs. Monroe and her counsel fully presented her case, and without any contention, or even noting, that the director had not followed the law in fixing the date as he did for the hearing. She raised that question for the first time in her petition for certiorari after the issues in the hearing before the director had been determined contrary to her wishes.

In the opinion of this Court Mrs. Monroe by her conduct fully acquiesced in the action of the Director in fixing the date as he did for the hearing. She cannot, therefore, be heard now to complain. To hold otherwise would be to "sanction a practice which, is in effect, laying a trap for the unwary" for the doing by the unwary of that which is intended to be for the benefit of the trapper.

Under the circumstances stated, the director followed both the letter and spirit of the 1951 statute authorizing this confiscation. Therefore, this Court, though recognizing, and being solicitous about, the hardship, is without authority to disturb the action of the Director in confiscating this automobile.

The judgment of the Circuit Court will be reversed. A judgment will be entered sustaining the order of the director confiscating this automobile. All costs will be adjudged against Findlay, Director, to be paid out of the proceeds of the sale of this automobile.