J. C. BRADFORD & CO., Petitioner,

v.

MARTIN CONSTRUCTION COMPANY
and Martin L. Zeitlin, Respondents.

Supreme Court of Tennessee.

Feb. 5, 1979.

William Waller, Ames Davis, Nashville
(Waller, Lansden, Dortch & Davis, Nash-
ville, of counsel), for petitioner.

John D. Whalley, John W. Lewis, Nash-
ville (Barksdale, Whalley, Gilbert & Frank,
Nashville, of counsel), for respondents.

## OPINION

BROCK, Justice.

This is a civil action by a stockbroker to
recover alleged debit balances in the
account of a client. Although satisfied that
the merits of this controversy were properly
determined by the Middle Section of the
Court of Appeals, we granted certiorari to
consider the construction by that court of
T.C.A., § 27–303, which provides:

"All cases tried in a court of record without the intervention of a jury, whether in a court of equity or a court of law and whether tried according to the forms of chancery or according to the forms of law, jurisdiction to review which is in the Court of Appeals, shall be reviewed upon a simple appeal, as now provided in equity cases. In all such cases no motion for a new trial shall be necessary as a prerequisite to a review of either the final judgment or any order of the court preliminary thereto, but when the case is tried on oral evidence a bill of exceptions shall be filed and included in the transcript. In all such cases the hearing of any issue of fact or of law in the appellate court shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the judgment or decree of the trial court, unless the preponderance of the evidence is otherwise."

No bill of exceptions was included in the record on appeal, but the "technical record," including written findings of fact made by the Chancellor, was properly filed. Those findings of fact constituted the basis for assertions by the appellant, J. C. Bradford & Co., of certain errors of law alleged to have been committed by the Chancellor.

Although the Court of Appeals reviewed the technical record, considered the assignments of error made by the appellant and affirmed the conclusions of the Chancellor with respect thereto, it, nevertheless, discussed at length the history and construction of T.C.A., § 27–303, noting that a disagreement with respect to its proper construction in cases in which no bill of exceptions is filed had developed over the years between the Middle Section of the Court of Appeals and other courts of this State. It was the conclusion of that court, relying upon its own decision in *Fletcher v. Russell*, 27 Tenn.App. 44, 55, 56, 177 S.W.2d 854 (1943), that alleged errors of law that are "based upon" findings of fact made by the trial court are not reviewable unless a bill of exceptions has been duly filed and is available for consideration by the Court of Appeals, although those findings of fact are

properly included in the technical record. The court simply refused to accept the written findings of fact of the Chancellor which were included in the technical record pursuant to T.C.A., § 27–113. *See Findlay v. Monroe*, 196 Tenn. 690, 270 S.W.2d 325 (1953). Thus, the court failed to follow the well settled rule in this State that when no bill of exceptions is in the record it is "conclusively presumed" on appeal that the findings of fact made by the trial court are supported by the evidence heard in that court and must be accepted as true by the appellate court. *Dodd & Son v. Nashville, C. & St. L. Ry. Co.*, 120 Tenn. 440, 445, 110 S.W. 588 (1908); *Findlay v. Monroe, supra.*

■ In our opinion, the Court of Appeals erroneously construed T.C.A., § 27–303. As construed by that court, in nonjury cases appealed without a bill of exceptions, the only questions of law reviewable by the Court of Appeals under T.C.A., § 27–303, are such questions of law as appear upon the face of the pleadings and judgment of the court; issues of law which require the assumption of the correctness of written findings of fact made by the trial court and properly included in the technical record would not be subject to review. The Court of Appeals is clearly in error. This Court in *Findlay v. Monroe, supra*, set forth the correct principles to be applied in the situation here presented as follows:

"The findings of fact were embodied in an opinion signed by the Judge and filed in the cause. It thereby became a part of the record without being incorporated in a bill of exceptions. *Nashville, C. & St. L. Ry. Co. v. Smith*, 147 Tenn. 453, 455, 249 S.W. 377.

"Where there is no bill of exceptions it will be presumed on appeal that the evidence supports the facts as found by the Trial Judge in his signed and filed opinion. *Dodd & Son v. Nashville, C. & St. L. Railroad Co.*, 120 Tenn. 440, 445, 110 S.W. 588. This, of course, does not mean that the conclusions of law which a Trial Court reaches from that finding of fact must be assumed to be correct.

"Since the technical record, including these findings of fact, is sufficient to decide the determinative question made by this appeal, the motion to dismiss will be disallowed." 270 S.W.2d at 327.

*Accord, Ackerman v. Marable et al.,* 20 Tenn.App. 141, 143, 95 S.W.2d 1286 (1934); *Providence A. M. E. Church v. Sauer,* 45 Tenn.App. 287, 323 S.W.2d 6 (1959).

To the extent that the decision in *Fletcher v. Russell,* 27 Tenn.App. 44, 177 S.W.2d 854, 858–59 (1943), holds to the contrary, it is overruled.

■ Of course, if a bill of exceptions is filed as a part of the record on appeal, the appellate court, in a nonjury case, may make a *de novo* determination of the facts and is not bound by the findings of fact made by the trial court. T.C.A., §§ 27–303, 27–304. But, any party desiring to obtain such a review of the facts must have a bill of exceptions prepared and filed.

■ Likewise, in nonjury cases in which the trial judge has made written findings of fact that are properly included in the technical record, any party who would avoid the conclusiveness of those findings in the appellate court must see to it that a bill of exceptions is filed in the record on appeal and, thus, made available to the reviewing appellate court.

The other assignments of error made by the petitioner have been considered but the Court is satisfied that the Court of Appeals correctly determined them. The decree of the Court of Appeals is affirmed. Costs are taxed against petitioner.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.