## IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

| | | |
|---|---|---|
| **BRADFORD T. ROBERTS and wife,** | ) | Shelby County Circuit Court No. 71568-8 |
| **JACQUELINE E. ROBERTS** | ) | |
| | ) | |
| Plaintiffs/Appellants. | ) | App. No. 02A01-9806-CV-00155 |
| | ) | |
| VS. | ) | Hon. D'Army Bailey, Judge |
| | ) | |
| **THE CITY OF MEMPHIS,** | ) | **AFFIRMED AND REMANDED** |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | OPINION FILED: |

**FILED**

**August 10, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

**J. Whitten Gurkin,** Memphis, Tennessee, for Plaintiffs/Appellants.

**Ronald G. Wyatt,** Assistant City Attorney, for Defendant/Appellee.

_____

### MEMORANDUM OPINION[1]
_____

**Farmer, J.**

Bradford T. Roberts sued the City of Memphis (City) and two of its police officers, Terry W. Moore and Chris Joyner, for injuries and damages he alleged to have suffered as a result of an accident involving a vehicle owned and operated by Mr. Roberts. The complaint alleges that the other vehicle was owned by the City, was driven by defendant Terry W. Moore and that defendant Chris Joyner was a passenger in that vehicle. Prior to trial, defendants Moore and Joyner were dismissed. Jacqueline E. Roberts sued for loss of consortium.

Following a bench trial, the trial judge rendered his findings of fact, conclusions of law and judgment wherein he concluded that "the percentage of negligence attributed to the plaintiff is at least 50% thereby negating any recovery."

---

[1]**Rule 10 (Court of Appeals). Memorandum Opinion.** -- (b) The Court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

1

The plaintiffs appeal and present their issue as follows:

The issue before this Court is that the physical evidence does not support a finding of at least fifty percent (50%) fault for the automobile accident on behalf of Plaintiff Bradford T. Roberts. Since the physical evidence does not support said finding, the Plaintiff should be adjudged to be at no fault and allowed a recovery.

Under our system of comparative fault, a plaintiff may recover "so long as plaintiff's negligence remains less than the defendant's negligence. . . ." *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992). Our review of findings of fact by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. However, the record before us contains neither a transcript of the proceedings or a statement of evidence for us to review. The burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. App. 1992). In the absence of the transcript or statement of evidence, it is a well settled rule in this State that it is conclusively presumed on appeal that the findings of fact made by the trial court are supported by the evidence in that court and must be accepted as true by the appellate court. *J. C. Bradford & Co. v. Martin Constr. Co.*, 576 S.W.2d 586, 587 (Tenn. 1979); *Leek v. Powell*, 884 S.W.2d 118 (Tenn. App. 1994); *Irvin v. City of Clarksville*, 767 S.W.2d 649 (Tenn. App. 1988).

It results that the judgment of the trial court is affirmed and the costs of this appeal are taxed to the appellants.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)

2