IN THE COURT OF APPEALS
AT KNOXVILLE

**FILED**

March 31, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

R. E. SHARP, JR.,                    )  CAMPBELL COUNTY CHANCERY
                                     )  E1999-00397-COA-R3-CV
    Plaintiff-Appellee        )
                                     )
                                     )
    v.                        )  HON. BILLY JOE WHITE
                                     )  CHANCELLOR
                                     )
CAMPBELL COUNTY BOARD OF             )
EDUCATION and CAMPBELL COUNTY,       )
TENNESSEE,                           )
                                     )
    Defendant-Appellant       )  AFFIRMED AND REMANDED


J. STEPHEN HURST OF LAFOLLETTE FOR APPELLANT

MICHAEL G. HATMAKER OF JACKSBORO FOR APPELLEE


O P I N I O N


                                    Goddard, P.J.

       The Campbell County Board of Education appeals from a decision of the Chancellor, who found that the plaintiff, R. E. Sharp, Jr., was tenured in his position of assistant principal

and therefore the Campbell County Board of Education erroneously reduced his salary when he was placed in a teaching position.

## I. FACTS AND HOLDING OF THE CHANCELLOR

The facts as found by the Chancellor are the following:

(1) That Plaintiff has been hired and placed annually by the Campbell County, Tennessee Board of Education in a professional capacity, either as a classroom teacher or assistant principal, since 1968.

(2) That plaintiff was hired and placed for three consecutive hirings in the positions of assistant principal, first at Campbell County Comprehensive High School and then at Jacksboro Middle School.

(3) That therefore Plaintiff is a tenured employee within the meaning of the general tenure law, and within the meaning of the Private Acts of 1949 and 1980 applicable to Campbell County, Tennessee.

(4) That, as such, while plaintiff could be placed in positions other than assistant principal, neither the board of education nor the superintendent could take any action to change plaintiff from one position to another at a reduced salary, absent filing a specification of charges against plaintiff.

(5) That no such charges were filed.

(6) That Plaintiff met the eligibility endorsements to serve in the position of assistant principal.

(7) That any action to reduce Plaintiff's salary from that earned by him as assistant principal was improper, and therefore Plaintiff is entitled to receive, from and after the school year 1992-1991 an annual salary commensurate with that he would

have earned as assistant principal at Campbell County Comprehensive High School.

(8) That, although Plaintiff through the Campbell County Federation of teachers had heretofore filed a grievance with regard to his reduction in salary, and although the arbitrator ruled adversely to Plaintiff in that grievance, the arbitrator's decision is not binding on this Court and is not to be Plaintiff's exclusive remedy since the arbitrator ruled on an incorrect or erroneous set of facts.

The Chancellor then ordered that the Plaintiff should receive from and after the school year 1992-1993 an annual salary commensurate with that he would have received as an assistant principal and awarded Plaintiff past salary benefits in an amount equal to the difference between the amount he would have earned as an assistant principal and that paid to him as a classroom teacher.

The Campbell County Board of Education appeals the decision of the Chancellor.

II. ISSUE

The sole issue for our determination is whether the trial court erroneously overruled the arbitrator's decision denying Mr. Sharp the salary of an assistant principal.

3

## III. LAW AND DISCUSSION

This is a non-jury case and, therefore, our scope of review is *de novo* upon the record in the trial court. The findings of the trial judge are presumed to be correct and must be affirmed by us, unless we find the preponderance of the evidence to be otherwise. Rule 13(d), Tennessee Rules of Appellate Procedure. <u>Summit Hill Associates v. Knoxville Utilities Board</u>, 667 S.W.2d 91, 96 (Tenn. Ct. App. 1983).

The record before us in this matter is sparse. It consists of the following: a complaint filed on March 12, 1997; a notice of appearance by defendant's attorney; a motion to assign a trial date filed on November 16, 1998; an answer filed on March 15, 1999, along with two exhibits, filed on the date of trial; and, the judgment of the trial court filed on May 6, 1999. There was no copy of any bargaining agreement entered into between the teacher's union and the school board during the relevant periods of time. There was no transcript or statement of the evidence filed by the parties.

This case triggers a well-settled legal principle. The absence of a transcript of the hearing held before the Chancellor

4

or a proper statement of the evidence means the facts found by the trial court are conclusively presumed to be correct. *See generally,* J. C. Bradford & Co. v. Martin Constr. Co., 576 S.W.2d 586 (Tenn. 1979).  Furthermore, in the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorable to the appellee.  Wilson v. Hafley, 189 Tenn. 598, 226 S.W.2d 308 (1949); McDonald v. Onoh, 772 S.W.2d 913 (Tenn. Ct. App.1989); Irvin v. City of Clarksville, 767 S.W.2d 649 (Tenn. Ct. App.1988); Gotten v. Gotten, 748 S.W.2d 430 (Tenn. Ct. App.1987); In re: Rockwell, 673 S.W.2d 512 (Tenn. Ct. App.1983); Kyritsis v. Vieron, 53 Tenn. App. 336, 382 S.W.2d 553 (1964).  Appellate courts may only review what is in the record and not what might have been or should have been included. Dearborne v. State, 575 S.W.2d 259 (Tenn. 1978).

Campbell County Board of Education argues that the appellant had submitted to "binding arbitration" the issue of his salary reduction and the Chancellor should not be allowed to overturn the decision of the arbitrator.  As we stated earlier, this argument is without merit because there was no bargaining agreement included in the record before us.

5

Therefore, we hold that in the absence of a transcript a determination of the Court depending upon fact will not be overturned unless the findings of fact are antithetical to the judgment entered. Moreover, the absence of the bargaining agreement being an exhibit in this record before us is fatal to a determination in favor of the Campbell County School Board's binding arbitration argument.

## IV. CONCLUSION

For the foregoing reason the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the appellant, Campbell County Board of Education.

_____
Houston M. Goddard, P.J.

CONCUR:

_____
Herschel P. Franks, J.

_____
Charles D. Susano, Jr., J.