IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 2002 Session

## GARY LEE AUMAUGHER  v. DEBORAH JO AUMAUGHER

**Appeal from the General Sessions Court for Loudon County**
**No. 7213     John O. Gibson, Special Judge**

### FILED MARCH 15, 2002

### No. E2001-01786-COA-R3-CV

---

The Petitioner, Deborah Jo Aumaugher, appeals a judgment of the General Sessions Court of Loudon County, contending, among other things, the Trial Court was prejudiced against her and also committed a number of other errors. Because we have no transcript of the hearing which resulted in the order she assails, we are unable to address the merits of this appeal. We accordingly affirm the judgment of the Trial Court.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Deborah Jo Aumaugher, Appellant, *Pro Se*

Gary Lee Aumaugher, Appellee, *Pro Se*

### MEMORANDUM OPINION

The petitioner, Deborah Jo Aumaugher, appeals a judgment of the General Sessions Court of Loudon County, entered subsequent to a hearing on her petition seeking to have Mr. Aumaugher held in contempt of court and recovery of certain items of personal property she contends were properly awarded to her in the divorce proceedings, which Mr. Aumaugher refuses to deliver.

There are two volumes of the record filed in this Court. The first includes a petition for contempt, the response thereto, and the order entered on June 22, 2001, which Ms. Aumaugher appeals.

The second contains exhibits from prior proceedings.

Ms. Aumaugher appeals the Court's June 22nd order, asserting numerous errors, including misconduct on the part of the Trial Judge. See Appendix.

We are unable to address the issues raised because we do not have the transcript or statement of the evidence received by the Trial Court which resulted in the order entered. As has been stated by our Supreme Court, "In the absence of a portion of the record, we must conclusively presume that the findings of the trial court are supported by evidence heard in the trial court." J. C. Bradford & Co. v. Martin Construction Co., 576 S.W.2d 586, 587 (Tenn. 1979). We are therefore unable to reach the merits of these issues, but must conclusively presume that the evidence presented justified the judgment of the trial court. See In re: Rockwell v. Arthur, 673 S.W.2d 512 (Tenn. Ct. App. 1983).

It appears a second petition for contempt was filed on July 9, 2001, prior to the notice of appeal, which was filed on July 20, 2001.

We accordingly, as to this appeal, affirm the judgment of the Trial Court and remand the case to the General Sessions Court for a determination of the second petition for contempt and collection of the Trial Court costs incident to the first petition for contempt. Costs of appeal are adjudged against Deborah Jo Aumaugher.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE