IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 17, 2005 Session

# DAWN EILEEN SHANNON v. THOMAS REX SHANNON

**Direct Appeal from the Juvenile Court for Shelby County**
**No. P-6621     George E. Blancett, Special Judge**

_____

**No. W2004-02258-COA-R3-JV - Filed May 27, 2005**

_____

The trial court dismissed Plaintiff's petition to register and modify a foreign decree of child support for lack of jurisdiction. We reverse in part, affirm in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed in Part;**
**Reversed in Part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY M. KIRBY, J., joined.

Barbara McCullough, Memphis, Tennessee, for the appellant, Dawn Eileen Shannon.

Loys A. Jordan, III, Memphis, Tennessee, for the appellee, Thomas Rex Shannon.

**OPINION**

Dawn Eileen Shannon (Ms. Shannon) and Thomas Rex Shannon (Mr. Shannon) were divorced in July 1999 in De Soto County, Mississippi. At the time of the divorce, the parties were residents of Mississippi and Mr. Shannon was employed in Memphis, Tennessee. The Mississippi court awarded physical custody of the parties' minor child to Ms. Shannon and ordered Mr. Shannon to pay child support of $400 per month. Ms. Shannon and the minor child moved to Shelby County, Tennessee, in July 1999. Mr. Shannon continues to reside in Mississippi and to be employed in Tennessee.

In March 2004, Ms. Shannon filed two petitions in the Juvenile Court of Shelby County, Tennessee. She petitioned the Shelby County court to register the Mississippi child support order and to modify the order to increase child support, for wage assignment, and to require Mr. Shannon to maintain life insurance to benefit the minor child. Mr. Shannon was personally served in Tennessee, and a subpoena duces tecum for his payroll records was served on his employer, which produced the records.

The juvenile court referee determined that the Mississippi order of support could be registered in Tennessee and modified the order to increase child support from $400 per month to $1,180 per month. The referee granted Ms. Shannon's request for wage assignment and awarded her attorney's fees of $350. The referee's recommendations were confirmed as the decree of the court on April 26, 2003, and Mr. Shannon filed a petition for a rehearing before the judge on the same day. The matter was heard on August 12, 2004, by Special Judge George Blancett. On August 12, 2004, the trial court dismissed Ms. Shannon's petitions to register and modify the Mississippi decree for lack of jurisdiction. Ms. Shannon appeals to this Court. We reverse in part, affirm in part, and remand.

### Issues Presented

Ms. Shannon presents the following issues for our review:

(1)     Did the juvenile court err in denying the petition to enroll (register) the foreign decree of divorce?

(2)     Did the juvenile court err in denying the petition to increase child support, for wage assignment, and for life insurance for the benefit of the minor child?

Mr. Shannon moves this court for an award of court costs, expenses, and attorney's fees as damages for a frivolous appeal pursuant to Tennessee Code Annotated § 27-1-122.

### Standard of Review

Ms. Shannon has filed no transcript or statement of the evidence in this Court. Thus, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct. *J.C. Bradford & Co. v. Martin Constr. Co.*, 576 S.W.2d 586, 587 (Tenn. 1979). Subject matter jurisdiction is a question of law which we review *de novo,* with no presumption of correctness. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

### Analysis

We begin our analysis by noting that the trial court made no findings of fact in this matter but merely dismissed the action for lack of jurisdiction without specifying whether its determination was predicated on lack of personal or subject matter jurisdiction. In her brief to this Court, Ms. Shannon asserts the trial court had personal jurisdiction over Mr. Shannon pursuant to Tennessee Code Annotated § 36-5-2201 and jurisdiction to modify the order of support under Tennessee Code Annotated § 36-5-2205. Mr. Shannon, on the other hand, asserts Tennessee Code Annotated § 36-5-2201 and § 36-5-2205 are inapplicable in this case. He further asserts that Ms. Shannon has failed to address in her brief and has, therefore, waived whether she complied with the statutory requirements of § 36-6-229 to register the Mississippi support order. He also submits that Tennessee

Code Annotated § 36-5-2611 is the provision applicable to modification of foreign child support orders.

We first dispense with Ms. Shannon's assertion that the courts of this state have subject matter jurisdiction to modify the Mississippi child support order under Tennessee Code Annotated § 36-5-2205. Section 36-5-2205 defines the parameters within which Tennessee may exercise continuing, exclusive jurisdiction over child support orders issued in Tennessee. It is inapplicable here.

Section 36-5-2201 provides, in pertinent part, that the courts of this state may exercise personal jurisdiction over a nonresident in a proceeding to establish, enforce, or modify a support order where the individual has been personally served with notice in this state or where there is any basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction. Tenn. Code Ann. § 36-5-2201 (1), (8) (2001).

In this case, it is undisputed that Mr. Shannon is a nonresident of Tennessee, is employed in Tennessee, and was personally served with notice of Ms. Shannon's petition at his place of employment in Memphis. Additionally, at oral argument, counsel for Mr. Shannon conceded personal jurisdiction for registration and enforcement purposes. Accordingly, the courts of this state may properly exercise personal jurisdiction over Mr. Shannon under § 36-5-2201 for the purposes of enforcing the Mississippi child support order. Insofar as the trial court's dismissal was based on lack of personal jurisdiction, we reverse.

We next turn to Mr. Shannon's assertion that Ms. Shannon has failed to demonstrate that she has complied with § 36-6-229 and that the order of support cannot, therefore, be modified under § 36-5-2611. We begin our analysis of this issue by noting that § 36-6-229 is applicable not to child support orders, but to the registration of child custody orders. The correct procedure for the registration of a child support order for enforcement purposes is prescribed in § 36-5-2602, and § 36-5-2609 prescribes the procedure for registration for the purpose of modification of child support orders.

Under § 36-5-2609, a party seeking to modify a foreign child support order must first register the order as provided in subpart A (subsection 2602) of the chapter. Subpart A provides that a foreign order may be registered in this state by sending the trial court in the county with appropriate jurisdiction:

> (1) A letter of transmittal to the tribunal requesting registration and enforcement;
> (2) Two (2) copies, including one (1) certified copy, of all orders to be registered, including any modification of an order;
> (3) A sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage;
> (4) The name of the obligor and, if known:

(i) The obligor's address and social security number;

(ii) The name and address of the obligor's employer and any other source of income of the obligor; and

(iii) A description and the location of property of the obligor in this state not exempt from execution; and

(5) The name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted.

(b) On receipt of a request for registration, the registering tribunal shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form.

(c) A petition or comparable pleading seeking a remedy that must be affirmatively sought under other law of this state may be filed at the same time as the request for registration or later. The pleading must specify the grounds for the remedy sought.

Tenn. Code Ann. § 36-5-2602 (2001).

Under this section, the trial court has jurisdiction to register the Mississippi order of support for enforcement purposes. Accordingly, we reverse dismissal of Ms. Shannon's petition to register the Mississippi order for enforcement purposes for lack of subject matter jurisdiction. We remand for determination of whether Ms. Shannon has complied with the statutory provisions governing registration of foreign orders of support.

After a foreign order of support has been registered in this state, it may be enforced in this state. However, unless § 36-5-2613[1] applies, it may be modified pursuant to § 36-5-2611 only if certain conditions are met. Section 36-5-2611 provides that a foreign child support order may be modified in Tennessee only if after notice and hearing the court finds:

(1) The following requirements are met:
(i) The child, the individual obligee, and the obligor do not reside in the issuing state;
(ii) A petitioner who is a nonresident of this state seeks modification; and
(iii) The respondent is subject to the personal jurisdiction of the tribunal of this state; or
(2) The child, or a party who is an individual, is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have filed written consents in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction that has not enacted a law or established

---

[1]Section 36-5-2613 provides that the courts of this state have jurisdiction to modify a foreign order of support when all of the parties who are individuals reside in this state and the child does not reside in the issuing state. It is undisputed that Mr. Shannon does not reside in Tennessee.

procedures substantially similar to the procedures under parts 20-29 of this chapter, the consent otherwise required of an individual residing in this state is not required for the tribunal to assume jurisdiction to modify the child support order.

(b) Modification of a registered child support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a tribunal of this state and the order may be enforced and satisfied in the same manner.

(c) A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state. If two or more tribunals have issued child support orders for the same obligor and child, the order that controls and must be so recognized under § 36-5-2207 establishes the aspects of the support order which are nonmodifiable.

(d) On issuance of an order modifying a child support order issued in another state, a tribunal of this state becomes the tribunal having continuing, exclusive jurisdiction.

Tenn. Code Ann. § 36-5-2611 (2001).

In the case now before us, Mr. Shannon continues to reside in the issuing state of Mississippi, and the petitioner, Ms. Shannon, is not a nonresident of this state. Further, there is nothing in the record to suggest that the parties have filed written consent in the Mississippi court for the courts of Tennessee to assume jurisdiction over the order of support. Until such time as the requirements of § 36-5-2611 are met, the issuing court continues to have continuing, exclusive jurisdiction over an order of child support. *See* Tenn. Code Ann. § 36-5-2611 comments to official text. Therefore, in the current case, Tennessee courts do not have subject matter jurisdiction to modify the Mississippi order of support. Accordingly, we affirm dismissal of Ms. Shannon's petition to modify the Mississippi child support order.

### *Holding*

We reverse the trial court's determination that it does not have jurisdiction to register the Mississippi order of support for enforcement purposes. We remand for a determination of whether Ms. Shannon has complied with the statutory requisites for registration and enforcement of the Mississippi order. We affirm the trial court's determination that it does not have subject matter jurisdiction to modify the Mississippi child support order under § 36-5-2611 where the obligor, Mr. Shannon, remains a resident of Mississippi and the petitioner, Ms. Shannon, is not a nonresident of Tennessee, and where the parties have not filed written consent in the Mississippi court for a court of this state to modify the support order and assume continuing, exclusive jurisdiction over the order. The courts of Mississippi retain continuing, exclusive jurisdiction over this order of child support.

This matter is remanded for further proceedings consistent with this opinion. We deny Mr. Shannon's request for damages for a frivolous appeal. Costs of this appeal are taxed one-half to the Appellee, Thomas Rex Shannon, and one-half to the Appellant, Dawn Eileen Shannon, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE