IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 23, 2011 Session

## GERALD THOMAS v. RIVERGATE AUTO PARTS, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 10C-810      Hamilton V. Gayden, Jr., Judge**

---

**No. M2010-01649-COA-R3-CV - Filed July 21, 2011**

---

An individual took his automobile to an auto parts company, apparently to sell it for parts. The individual alleged that he had electronics and baseball cards in the automobile that were stolen at the auto parts company. The trial court dismissed the complaint without making findings of fact, and the individual appealed. The record contains the exhibits introduced at trial but no transcript of the proceedings or deposition testimony. Without a record of the proceedings from the lower court to review, we are unable to reverse the trial court or provide the appellant with the relief he seeks. We therefore affirm the trial court's judgment dismissing the complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Gerald Thomas, Nashville, Tennessee, Pro Se.

Rivergate Auto Parts, Inc., appellee, did not submit a brief.

## OPINION

Gerald Thomas filed a complaint in the General Sessions court on October 26, 2009, claiming electronics and collectors' cards were taken from his automobile that was on the property of and in the  possession of Rivergate Auto Parts, Inc. ("Rivergate Auto Parts"). Mr. Thomas asserted the value of his possessions was $2,460, and the court awarded him $1,000. Rivergate Auto Parts appealed the judgment to the Circuit Court, and the case was tried on June 29, 2010.

Following a bench trial, the trial court issued a Final Judgment dated July 8, 2010, that

stated in pertinent part:

> Based on the testimony of the witnesses, arguments of counsel and the entire record in this cause, the Court finds in favor of the Defendants and the case against the defendants is hereby dismissed.

Mr. Thomas duly filed a Notice of Appeal to this Court. He claims on appeal that the evidence at trial did not support the court's dismissal of his case. Mr. Thomas claims he delivered his automobile to Rivergate Auto Parts sometime in 2009 and arranged with the person in charge to return to his automobile over the following few days to remove his personal possessions that were still in the automobile. Mr. Thomas claims someone from Rivergate Auto Parts took his baseball cards and electronic equipment before he had the opportunity to retrieve these possessions and that he is entitled to recover the value of these items from Rivergate Auto Parts.

During oral argument Mr. Thomas asserted there was a police report supporting his claim that his electronics and baseball card collection were stolen from his automobile. He asserted that the lot where his automobile was located was secure and no one could enter without the knowledge of Rivergate Auto Parts. Therefore, he argues, the evidence proves Rivergate Auto Parts is liable to him for the value of his electronics and card collection that were taken from his automobile.

The record in this case does not include a transcript of the proceedings at trial, any deposition testimony, or a copy of the police report Mr. Thomas relies upon. The exhibits introduced at trial include a copy of Tenn. Code Ann. §24-5-111, which concerns the negligence of a bailee, photographs of an automobile, and a list of baseball cards and their values.

On appeal, we may only "consider those facts established by the evidence in the trial court and set forth in the record . . . ." Tenn. R. of App. Pro. 13(c). We review the trial court's findings of fact *de novo*, upon the record of the trial court, with a presumption of the correctness of the court's findings unless the preponderance of the evidence is to the contrary. Tenn. R. of App. Pro. 13(d).

The record in this case does not contain a transcript of the testimony introduced at trial. "When no transcript or statement of the evidence is included in the record on appeal, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." *In re M.L.D.,* 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005) (citing *J.C. Bradford & Co. v. Martin Constr. Co.*, 576 S.W.2d 586, 587 (Tenn.1979)).

Without a record of the evidence introduced at trial, we have nothing to review and are unable to provide Mr. Thomas with the relief he seeks. We must presume the trial court's findings were supported by the evidence and were correct. Accordingly, we affirm the trial court's judgment dismissing Mr. Thomas's case. Costs shall be taxed to Gerald Thomas.

_____
PATRICIA J. COTTRELL, JUDGE