IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 22, 2019

## AMANDA BLISS GRICUNAS (HARMON) v. ANDREW JAMES GRICUNAS

**Appeal from the Circuit Court for Greene County**
No. 10CV394      Beth Boniface, Judge

_____

**No. E2018-02284-COA-R3-CV**
_____

In this post-divorce proceeding, the mother filed a petition to modify time sharing arrangements between the mother and the father with regard to the minor children of the parties. The parties have been divorced since 2010. The mother also requested a modification of the father's child support obligation and asked that the father pay for one-half of the children's past and future medical expenses.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J. and D. MICHAEL SWINEY, C.J., joined.

Jessica C. McAfee, Greeneville, Tennessee, for the appellant, Andrew James Gricunas.

Brent Hensley, Greeneville, Tennessee, for the appellee, Amanda Bliss Gricunas (Harmon).

**OPINION**

### I.      BACKGROUND

Andrew James Gricunas ("Father") and Amanda Bliss Gricunas (Harmon) ("Mother") were divorced in 2010. They have two minor children, thirteen-year-old M.B. Gricunas and eleven-year-old G.J. Gricunas. The original permanent parenting plan was modified on June 10, 2013. After an unsuccessful mediation attempt, Mother filed a Petition to Modify Time Sharing Arrangements on March 26, 2018.

- 1 -

The 2013 parenting plan provides that Father have responsibility for the care of the children from 3:00 p.m. on Tuesday to 3:00 p.m. on Wednesday every week during the school year and from 4:00 p.m. Friday to 4:00 p.m. Sunday every other week. Included in the parenting plan is the obligation of both parents to ensure that the children attend their extracurricular activities and sporting events. In her Petition to Modify Time Sharing Arrangements, Mother alleges that Father has not consistently followed the time sharing schedule, has changed residences numerous times, and has lived with different people from time-to-time. Of specific concern is Father's irregularity of parenting time during the school week. Mother contends that such instability and irregularity is not beneficial for the children.

In the Petition to Modify Time Sharing Arrangements, Mother also seeks a modification of child support and payment of one-half of the children's past and future medical expenses, not covered by insurance. Since the divorce, Father has received a four-year degree and is now gainfully employed.

Father refutes Mother's allegations, arguing that Mother has been the cause of instability because she has remarried and introduced her new spouse's minor children into the household. Father also claims that Mother has not submitted any information regarding medical expenses to him since 2017.

The matter was set for a trial on October 10, 2018. Father appeared the day of the trial and requested a continuance, which was granted. The trial took place on October 29, 2018. Father did not have legal counsel. There is no transcript of the court proceedings. At the close of testimony from both parties and Father's witness, the parties' minor daughter, the trial court granted Mother's Petition to Modify Time Sharing Arrangements by eliminating Father's mid-week parenting time, granting child support, and requiring Father reimburse Mother for one-half of their daughter's braces and for specific medical expenses paid for the children since 2013. An order was entered by the trial court on November 21, 2018.

## II.    ISSUES

The issues raised in Father's timely appeal are as follows:

A.    Whether the trial court erred in reducing Father's parenting time, when there was no material change in circumstances, or other limiting factor warranting modifying Father's parenting time with the minor children.

B.    Whether the trial court erred in assessing a judgment against Father for medical expenses for which he had never known about and dating back six (6) years, and for requiring

- 2 -

him to cover half of the children's braces when he is typically obligated to pay a pro rata portion of medical expenses.

## III.    STANDARD OF REVIEW

Review of a trial court's findings of fact in civil actions shall be de novo with a presumption of correctness unless the preponderance of evidence is otherwise. Tenn. R. App. P. 13(d). In a case regarding a modification of a parenting plan, two factual questions must be addressed: (1) whether a material change in circumstances has occurred and (2) whether any modification of a parenting plan is in a child's best interest. *Armbrister v. Armbrister*, 414 S.W.3d 685, 693 (Tenn. 2013). Because trial judges have the opportunity to observe the witnesses and make a determination regarding their credibility, they are in a better position to answer these factual questions than appellate judges. *Id.* (citing *Massey-Holt v. Holt*, 255 S.W.3d 603, 607 (Tenn. Ct. App. 2007)). "It is not the function of appellate courts to tweak a [residential parenting schedule] in the hopes of achieving a more reasonable result than the trial court." *Id.* (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001)). Therefore, absent an abuse of discretion, the trial court's decision regarding modification of a parenting plan schedule should not be reversed. *Id.* (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 88 (Tenn. 2001)).

"An abuse of discretion occurs when the trial court . . . appl[ies] an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Id.* (quoting *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011)). In a case involving a residential parenting schedule, a trial court abuses its discretion "only when the trial court's ruling falls outside the spectrum of rulings that might result from an application of the correct legal standards to the evidence found in the record." *Id.* (quoting *Eldridge v. Eldridge*, 42 S.W.3d at 88).

## IV.    DISCUSSION

The appellant has the burden to demonstrate that the evidence preponderates against the judgment of the trial court. *Capital City Bank v. Baker*, 442 S.W.2d 259, 266 (Tenn. Ct. App. 1969). Additionally, under Rule 24(b) of the Tennessee Rules of Appellate Procedure, the appellant shall provide a transcript of such part of the evidence or proceedings to convey a fair, accurate and complete account of what transpired with respect to the issues that are the basis of the appeal. *In re M.L.D.*, 182 S.W.3d 890, 894-95 (Tenn. Ct. App. 2005) (citing *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992)). If no transcript of the evidence or proceedings is available, the appellant shall prepare a statement to convey a fair, accurate and complete account of what transpired with respect to the issues that are the basis of the appeal. Tenn. R. App. P. 24(c). "In the absence of a transcript or statement of the evidence, we conclusively presume that the findings of fact made by the trial court are supported by the evidence

and are correct." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005) (citing *J.C. Bradford & Co. v. Martin Constr. Co.*, 576 S.W.2d 586, 587 (Tenn. 1979)).

### A. Material Change in Circumstances Warranting Modification of Parenting Time

Parents are required to comply with a permanent parenting plan that has been incorporated in a final divorce decree unless such plan is modified as permitted by law. *Armbrister*, 414 S.W.3d at 697 (citing Tenn. Code Ann. § 36-6-405 (2010)). When deciding whether a modification in a permanent parenting plan is necessary, the court must first determine if a material change in circumstances has occurred and if so, if the modification is in the best interest of the child. *Id.* at 698 (citing Tenn. Code Ann. § 36-1-106(a)).

This court has recognized that Tennessee Code Annotated section 36-6-101(a)(2)(C) sets "a very low threshold for establishing material change of circumstances" when a party requests a change of a time sharing schedule of a permanent parenting plan. *Id.* at 703 (citing *Boyer v. Heimermann*, 238 S.W. 3d 249, 257 (Tenn. Ct. App. 2007) (quoting *Rose v. Lashlee*, No. M2005-00361-COA-R3-CV, 2006 WL 2390980, at *2 n. 3 (Tenn. Ct. App. Aug. 18, 2006))).

Here, Father has missed numerous visits with the children, does not attend extra-curricular activities and sporting events, and consistently does not get the children to their extra-curricular activities and sporting events. In addition, when Father exercises his visitation rights, the children often stay at different people's homes due to Father's lack of maintaining a consistent residence. This instability has led school tardiness. Furthermore, the parties' daughter, who was called to testify by Father, stated that the staying at different houses during the school week has negatively affected her. These findings weigh in favor of Mother's request to modify the parenting time sharing arrangements, specifically eliminating Father's time with the children during the school week. Furthermore, Appellant has not filed any transcript or statement of the evidence to support that the evidence preponderates against the trial court's judgment. Therefore, we presume the findings of the trial court to be correct.

### B. Medical Expenses

Appellant asserts that the judgment against Father for $763.47 for unpaid medical expenses dating from 2013-2018 is a reversible error as he was not given timely notice of the debts and that the judgment is "taxed under retroactive support" on the child support obligation page of the permanent parenting plan. There is no support for the argument that Father was not given timely notice of the debts. The trial court properly found that Father should pay only 19% of the total medical expenses based on his income at that time. Furthermore, the 2018 permanent parenting plan does not indicate that the $763.47 is retroactive support, but rather, indicates that the $763.47 is unpaid medical expenses.

Appellant has not filed any transcript or statement of the evidence to support any allegation that the trial court erred in its decision with regard to unpaid medical expenses. Therefore, we affirm the trial court's decision with regard to the payment of the unpaid medical expenses.

Appellant also asserts that the trial court abused its discretion when it decided that Father should reimburse Mother for one-half the cost of braces for the parties' daughter. Father voluntarily agreed to pay one-half of the orthodontic expense in court. Appellant argues that Father was under the misconception that the braces cost $2,000, not $4,000 and that Father did not know that his pro rata share of medical expenses is based on his income and is therefore, less than 50 percent. Appellant further argues that had Father had the benefit of legal counsel, he would never have agreed to these terms. In a case involving a residential parenting schedule, a trial court abuses its discretion "only when the trial court's ruling falls outside the spectrum of rulings that might result from an application of the correct legal standards to the evidence found in the record." *Armbrister*, 414 S.W.3d at 693 (quoting *Eldridge v. Eldridge*, 42 S.W.3d at 88). Appellant has not filed any transcript or statement of the evidence to support any allegation that the trial court abused its discretion. Therefore, we affirm the trial court's decision with regard to the payment of the orthodontic expenses.

## V.     CONCLUSION

For the reasons stated above, the trial court's decision is affirmed and the case remanded for further proceedings as may be necessary. Costs of the appeal are assessed to the appellant, Andrew James Gricunas.

_____
JOHN W. MCCLARTY, JUDGE