IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2020

## DAVID DYKES v. VICTOR OKORIE ET AL.

**Appeal from the Circuit Court for Rutherford County**
No. 74901     Barry R. Tidwell, Judge

_____

### No. M2019-01332-COA-R3-CV

_____

Pro se appellants appeal from the trial court's judgment in favor of their former landlord. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Victor Okorie and Odinachi Okorie, Murfreesboro, Tennessee, Pro Se.

James P. Barger, Murfreesboro, Tennessee, for the appellee, David Dykes.

### OPINION

### I.     BACKGROUND

On October 18, 2014, Appellants Victor and Odinachi Okorie ("tenants") executed a residential lease agreement to rent a residence in Murfreesboro, Tennessee, from Appellee David Dykes ("landlord") for an initial two-year term beginning on November 1, 2014 and ending on October 31, 2016.  The tenants lived in the residence located on the premises with their two children, and paid monthly rent of $1,250.00.  After the initial two-year term, the lease continued on a month-to-month basis at the same rental amount. The tenants decided to purchase a home, gave notice of their intent to vacate the premises to the landlord, and vacated the premises on July 31, 2018.

The residential lease between the landlord and the tenants includes the following

provisions:

> On signing this Agreement, Tenant will pay to Landlord the sum of $1,250 as a security deposit. Tenant may not, without Landlord's prior written consent, apply this security deposit to the last month's rent or to any other sum due under this Agreement.

> Tenant will: (1) keep the premises clean, sanitary, and in good condition and, upon termination of the tenancy, return the premises to Landlord in a condition identical to that which existed when Tenant took occupancy, except for ordinary wear and tear; . . . (3) reimburse Landlord, on demand by Landlord, for the cost of any repairs to the premises damaged by Tenant or Tenant's guests or business invitees through misuse or neglect. Tenant has examined the premises, including appliances, fixtures, carpets, drapes, and paint, and has found them to be in good, safe, and clean condition and repair, except as noted in the Landlord-Tenant checklist.

> . . .

> In any action or legal proceeding to enforce any part of this Agreement, the prevailing party [X] shall recover reasonable attorney fees and court costs.

> . . .

> Additional provisions are as follows: The home is in good condition and I will only come out if something major breaks (AC – Oven – Refrig., etc.).

After the tenants moved out, the landlord discovered that they had failed to maintain the premises and had caused considerable damage to the premises. As a result, on August 27, 2018, the landlord filed a civil warrant against the tenants in the Rutherford County General Sessions Court for "breach of contract/Lease agreement, unpaid rent, property damages, atty fees, process fees, court costs, [and] pre- and post-judgment interest." The tenants failed to appear at the September 11, 2018, hearing, so a default judgment of $14,616.33 was entered. On September 19, 2018, the tenants appealed the judgment to the Rutherford County Circuit Court ("trial court"). Trial was set for November 27, 2018. The landlord testified and presented evidence, but the tenants did not appear. Finding that the "damages of $14,616.33 are fair and reasonable considering the severity of the damage to his real property and the cost to repair," the trial court entered judgment in the landlord's favor for $14,616.33, by order entered December 11, 2018.

The tenants requested that the order and judgment be set aside, citing their confusion about which courtroom to go to on November 27. The trial court set aside its

order. The matter was assigned to another judge, and a new trial was set for June 25, 2019.[1] At trial, the court heard testimony from tenant Victor Okorie and from the landlord. The trial court found that "prior to the lease being consummated, photographs presented by [the landlord] establish that the home was in immaculate condition and everything was in order. . . . [U]pon the tenants leaving the house, based upon multiple photos as well as [the landlord's] own testimony, [] the home was in deplorable condition." The court found the landlord "to be extremely credible on these issues" and found that tenant Victor Okorie was not credible. The court further found that the landlord's damages sought for costs, labor, and lost rent were "entirely reasonable and reflect[ed] the damages sustained by [the landlord]." Accordingly, the trial court entered a judgment against the tenants in the amount of $14,616.33, plus court costs, by order entered July 2, 2019. This appeal followed.

## II. STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

## III. DISCUSSION

### A.

There are two preliminary matters. First, there is neither a trial transcript nor a statement of the evidence in the record. *See* Tenn. R. App. P. 24(a), (c). "When no transcript or statement of the evidence is included in the record on appeal, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005) (citing *J.C. Bradford & Co. v. Martin Constr. Co.*, 576 S.W.2d 586, 587 (Tenn. 1979)).

Second, the tenants' brief fails to conform to Tennessee Rule of Appellate

---

[1] The landlord states that the tenants "refused to agree to a trial date and [he] was forced to set a hearing." Tenn. R. Civ. P. 40.

Procedure 27. The landlord asks us to dismiss the appeal for this reason. In *Young v. Barrow*, this court stated:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.
>
> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.
>
> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted).

Although we are mindful of their pro se status, our review of this case is somewhat hindered by the tenants' failure to comply with Tennessee Rule of Appellate Procedure 27 which instructs that the appellant's brief "shall contain:"

> (1) A table of contents, with references to the pages in the brief;
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> . . .
>
> (4) A statement of the issues presented for review;
>
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

- 4 -

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

The tenants' brief falls short of meeting Rule 27's requirements. Nevertheless, we have fully reviewed the record and considered arguments from both the landlord and the tenants. At the outset, the tenants state that they do not think they received a fair trial because of the landlord's family's "influence in the court system in Murfreesboro." There is nothing in the record to support such a contention, and we find it to be without merit.

Next, the tenants admit that they damaged a wall when they were moving out of the premises. They agreed to pay the landlord an "additional amount to help fix the wall area that was damaged," which appears to be $150.00 paid by a check dated July 31, 2018. The tenants state that their $1,250.00 security deposit "could have gone for the damaged wall, but [the landlord] just wanted to get more money from us." We find these arguments to be meritless because the record contains photographic evidence of extensive damage inflicted by the tenants to the premises, in violation of the lease. *See also* Tenn. Code Ann. § 66-28-401(2) ("The tenant shall [k]eep that part of the premises that the tenant occupies and uses as clean and safe as the condition of the premises when the tenant took possession."). When comparing the photographs taken before the tenants took possession of the premises to those taken after they moved out, the only reasonable conclusion is that the tenants trashed the premises, in violation of Clause 11 of the lease. The trial court found that the tenants left the premises in "deplorable condition," and the tenants do not challenge this finding on appeal.

Furthermore, both the terms of the lease itself and the applicable statutes entitled the landlord to apply the $1,250.00 security deposit toward repairing the damages caused by the tenants and to seek recovery for additional physical damage to the premises over and above the amount of the security deposit. *See* Tenn. Code Ann. §§ 66-28-104(13);

66-28-301; 66-28-506; 66-28-510.

The evidence in this record does not preponderate against the trial court's findings. Accordingly, we affirm the trial court's decision.

B.

The landlord requests his costs, expenses, and reasonable attorney fees on appeal pursuant to Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision whether to award damages for a frivolous appeal rests solely in our discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). Appellate courts exercise their discretion to award fees under this statute "'sparingly so as not to discourage legitimate appeals.'" *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017) (quoting *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)). "'Successful litigants should not have to bear the expense and vexation of groundless appeals.'" *Whalum*, 224 S.W.3d at 181 (quoting *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Exercising our discretion, we deny the request for attorney fees and costs on appeal.

IV.     CONCLUSION

The judgment of the trial court is affirmed. The case is remanded for such further proceedings as may be necessary and consistent with this Opinion. Costs of the appeal are taxed to the appellants, Victor Okorie and Odinachi Okorie, for which execution may issue if necessary.

_____
JOHN W. MCCLARTY, JUDGE